## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL TYRONE McCULLON,** | : | **CIVIL NO. 3:12-CV-445** |
| | : | |
| **Plaintiff** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LIEUTENANT M. SAYLOR, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This matter comes before the Court for consideration of a motion for
preliminary injunctive relief filed by the Plaintiff, Michael Tyrone McCullon, a federal
inmate housed in the Special Management Unit (SMU) of the United States
Penitentiary, Lewisburg. (Doc. 2)   In this motion, which is filed along with
McCullon's complaint at the outset of this litigation, McCullon alleges that prison
officials used excessive force against him 18 months ago, on September 6, 2010, when
they removed McCullon from his cell. (Doc. 1)   On the basis of these allegations
regarding past conduct by specific correctional staff, McCullon now seeks a
preliminary injunction which would regulate by judicial fiat the use of restraints by all
correctional staff when moving McCullon in the future. (Doc. 2)   McCullon also
requests that the Court order prison staff to be criminally charged. (Id.)   Further, this
motion appears to invite this Court to broadly enjoin the operation of the SMU

program,  prescribe particular treatment for this prisoner, and instruct prison officials

to give McCullon special, favorable care while this litigation is pending.  The relief

sought in this motion, in turn, closely parallels the claims made by McCullon in his

complaint, and demands this relief at the very outset of this litigation, before the

complaint has even been served upon the Defendants.

For the reasons set forth below, it is recommended that the motion be denied.

**II.**   **Discussion**

      **A.**   **Preliminary Injunction Rule 65– The Legal Standard**

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or

emergency relief, in the form of preliminary injunctions are governed by Rule 65 of

the Federal Rules of Civil Procedure and are judged against exacting legal standards.

As the United States Court of Appeals for the Third Circuit has explained: "Four

factors govern a district court's decision whether to issue a preliminary injunction: (1)

whether the movant has shown a reasonable probability of success on the merits; (2)

whether the movant will be irreparably injured by denial of the relief, (3) whether

granting preliminary relief will result in even greater harm to the nonmoving party;

and (4) whether granting the preliminary relief will be in the public interest." Gerardi

v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting  SI Handling Systems, Inc. v.

Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)).  See also Highmark, Inc. v. UPMC

Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. §3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation

of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where an inmate: (1) seeks to enjoin a wide array of non-parties; (2) requests injunctive relief of a presumably permanent nature without first fully exhausting administrative remedies; and (3) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials.  Each of these aspects of this prayer for injunctive relief presents separate problems and concerns.

For example, an injunction against non-parties, like the injunction sought here, requires a specific legal showing.  To the extent that McCullon seeks to enjoin non-

parties in this litigation it is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought.  Fed.R.Civ.P. 65(d)."  Elliott v. Kiesewetter,  98 F.3d 47, 56 (3d Cir. 1996).  Further, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy."  Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980).  Mandatory injunctions should be used sparingly.  United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982).  Thus,  a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  Goff v. Harper, 60 F.3d 518 (3d Cir. 1995).

In addition, to the extent that the Plaintiff seeks a preliminary injunction with some enduring effect, he must show that he will be irreparably injured by the denial of this extraordinary relief.  With respect to this benchmark standard for a preliminary injunction, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.),

cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." Acierno, 40 F.3d at 655 (citation omitted).

Messner, 2009 WL 1406986, at *4 .

Furthermore, it is well-settled that "[t]he purpose of a preliminary injunction is to preserve the *status quo*, not to decide the issues on their merits." Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997). Therefore, in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] Plaintiff cannot demonstrate that  he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial.  As a result, Plaintiff's motion for preliminary injunction should be denied." Messner, 2009 WL 1406986, at *5.

In assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. Kershner, 670 F.2d at 443. Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. Emile, 2006 WL 2773261, at * 6 (citing Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001)).

**B.     McCullon's Request For Injunctive Relief Should Be Denied**

Judged against these exacting standards, in its current form, McCullon's motion for injunctive relief fails. At the outset, we note that in the past inmates have frequently sought preliminary injunctive relief similar to that demanded by McCullon here, compelling prison officials to provide them with specific accommodations, treatment and services during the pendency of a lawsuit. Yet, such requests, while often made, are rarely embraced by the courts. Instead, courts have routinely held that prisoner-plaintiffs are not entitled to use a motion for injunctive relief as a vehicle to compel prison officials to provide them with specific relief and services pending completion of their lawsuits. Thus, courts have rejected inmate requests for injunctions mandating specific treatment and conditions of confinement for prisoners. See, e.g., Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction); Brown v. Sobina, No. 08-128E, 2008

WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); <u>Emile</u> <u>v. SCI-Pittsburgh</u>, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006) (denying inmate preliminary injunction).

In particular, McCullon cannot show an entitlement to any equitable relief compelling prison officials to give him favorable treatment within the Lewisburg Penitentiary Special Management Unit.  Courts have repeatedly held that prisoners at this facility are not entitled as a matter of right to enjoin the general conditions in that facility.  Indeed, similar assertions have been repeatedly rejected by this Court.  <u>See, e.g.</u>, <u>Harrison v. Bledsoe</u>, No. 09-1600, 2010 WL 186804 (M.D. Pa. Jan. 13, 2010); <u>Mitchell v. Dodrill</u>, 696 F. Supp. 2d. 454 (M.D. Pa. 2010).  <u>See also</u>, <u>Hunter v. Bledsoe</u>, No. 10-927, 2010 WL 3154963 (M.D. Pa. Aug. 9, 2010)(held SMU inmate has no constitutional right to single-cell status).

Furthermore, McCullon has virtually no likelihood of success on his demand that the Court order the United States Attorney to file criminal charges on his behalf against unnamed third parties.  Decision regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat.  Indeed, it has long been recognized that the exercise of prosecutorial

discretion is a matter, "particularly ill-suited to judicial review." <u>Wayte v. United States</u>, 470 U.S. 598, 607 (1985).

Beyond this failure to demonstrate a likelihood of success on the merits of these various claims, this motion for injunctive relief is wanting in several other respects. For example, McCullon has not made the threshold showing required for injunctive relief from non-parties, which is what he seeks here, in part. Thus, he has not shown that these non-parties are " acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." <u>Elliott v. Kiesewetter</u>, 98 F.3d 47, 56 (3d Cir. 1996).

Furthermore, the motion does not address the demanding standards prescribed by caselaw and statute for such injunctions, in that the plaintiff does not present a prayer for relief which is "narrowly drawn, extend[s] no further than necessary to correct the harm . . ., and [is] the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). Quite the contrary, this prayer for relief is cast broadly and would invite the Court to intervene in prison custody issues in a particularly intrusive and inappropriate way.

Moreover, while we do not in any way diminish McCullon's complaints, we find that this inmate has not shown an immediate irreparable harm justifying a preliminary injunction. <u>See e.g.,</u> <u>Rivera v. Pennsylvania Dep't. Of Corrections</u>, 346 F. App'x 749 (3d Cir. 2009)(denying inmate request for injunction); <u>Rush v.</u>

Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008)(same).  First, since the matters about which McCullon complains in his complaint allegedly occurred 18 months ago in September of 2010, it cannot be said that McCullon's complaint describes an immediate harm.  Further, McCullon does not allege the type of irreparable harm which warrants a preliminary injunction.  In this regard, when considering this benchmark standard for a preliminary injunction, it is clear that: "Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')." Messner, 2009 WL 1406986, at *4.  In this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or] atoned for ..." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted).  Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury ..." Acierno, 40 F.3d at 655 (citation omitted). Therefore, where an inmate-plaintiff is alleging that damages may be an adequate remedy, a preliminary injunction is often not appropriate since the inmate has not shown that he faces immediate, *irreparable* harm.  Rivera v. Pennsylvania Dep't. Of Corrections, 346 F.App'x 749 (3d Cir. 2009); Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008).

Applying these legal standards in a case such as this, where the inmate-"Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial.  As a result, Plaintiff's motion for preliminary injunction should be denied." Messner, 2009 WL 1406986, at *5.  In this case, as we view it, much of the injunctive relief sought by McCullon directly relates to the merits of the ultimate issues in this lawsuit.  Since the ultimate issues in this lawsuit are inextricably intertwined with the assertions in this motion for injunctive relief, a ruling on the motion might be perceived as speaking in some way to the ultimate issues in this case.  In such instances we should refrain from prematurely granting such relief.

Further, we note that granting this injunctive relief, which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the treatment of a single prisoner, could harm both the Defendants' and the public's interest.  In this prison context, the Defendants' interests  and the public's interest in penological order could be adversely effected if the Court began dictating the treatment for the Plaintiff, one inmate out of thousands in the federal prison system.

Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . . whether granting the preliminary relief will be in the public interest," <u>Gerardi v. Pelullo</u>, 16 F.3d 1363, 1373 (3d Cir. 1994), also weighs heavily against McCullon in this case.

In sum, in this case McCullon has not demonstrated a likelihood of success on the merits, and has not shown that he suffers an irreparable harm. Moreover, this motion is procedurally flawed, and granting this extraordinary relief could harm the public's interest and the interests of the opposing parties. Therefore, an assessment of the factors which govern issuance of such relief under Rule 65 of the Federal Rules of Civil Procedure weighs against McCullon and compels us to recommend that the Court deny this motion.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's Motion for a Preliminary Injunction (Doc. 2) be denied.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written

objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of March 2012.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge