UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL TYRONE McCULLON,

    Plaintiff,

v.

LT. M. SAYLOR, et al.,

    Defendants.

Civil Action No. 3:12-CV-445

(Judge Kosik)

## ORDER

AND NOW, THIS 27 DAY OF MARCH, 2013, IT APPEARING TO THE COURT THAT:

1. Plaintiff, Michael Tyrone McCullon, an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg) filed this instant civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). The Complaint was subsequently amended on September 9, 2012, to identify some previously unidentified John Doe defendants. (Doc. 37).

2. The matter was assigned to Magistrate Judge Martin C. Carlson.

3. The basis of Plaintiff's action is that while Plaintiff was confined at USP-Lewisburg, his Eighth Amendment right to be free from cruel and unusual punishment was violated when excessive force was employed against him by Defendants during, and after, a September 6, 2010 cell extraction. (Doc. 37).

4. A motion to dismiss, or in the alternative, for summary judgment was filed by Defendants on June 4, 2012. (Doc. 18).

5. On March 4, 2013, the Magistrate Judge filed a Report and Recommendation[1], wherein he recommends the Defendants' motion for summary judgment be granted. (Doc. 41). Specifically, the Magistrate Judge found that Defendants were "entitled to summary judgment in this case on [Plaintiff's] Eighth Amendment excessive force claims since the immutable witness, the videotape evidence, plainly 'refutes [Plaintiff's] assertion that [Defendants] used excessive force,'" and he concluded that "'viewing the evidence in the light most favorable to [the inmate that], no reasonable finder of fact could view the video of the incident and determine that [Defendants] acted maliciously and sadistically.'" (*Id.* at 40 (*quoting Tindell v. Beard*, 351 Fed. Appx. 591, 596 (3d Cir. 2009))). Moreover, the Magistrate Judge found that Plaintiff's deliberate

---

[1] In the Report and Recommendation, the Magistrate Judge explains that he is assessing the Defendants' motion as a motion for summary judgment because "all parties have treated [Defendants' motion] as a summary judgment motion." (Doc. 41, p. 22).

indifference claims are also unavailing because the use of the restraints[2] on Plaintiff "was both reasonable and necessary in light of [Plaintiff's] violent behavior and agitated demeanor on September 6-7, 2010." (Doc. 41, p. 42). The Magistrate Judge also found that Plaintiff's attempt to lodge a condition of confinement claim based upon the assertion that the cell in which he was briefly housed on September 7, 2010 was soiled fails because there is nothing to show that prison officials acted with deliberate indifference. (*Id.* at 44-46). Finally, the Magistrate Judge finds that even if Plaintiff had stated a colorable constitutional claim related to his cell extraction, the Defendants would be entitled to qualified immunity. (*Id.* at 46-50).

6. Plaintiff did not file objections to the Report and Recommendation of the Magistrate Judge.

7. If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir. 1987).

8. We have reviewed the thorough Report of the Magistrate Judge and we agree with the Magistrate Judge's conclusions. Thus, Defendants' motion for summary judgment will be granted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Martin C. Carlson dated March 4, 2013 (Doc. 41) is **ADOPTED;**

2. Defendants' Motion to Dismiss, and/or in the Alternative, for Summary Judgment (Doc. 18) is **GRANTED;**

3. Judgment is hereby entered in favor of Defendants and against Plaintiff; and

4. The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge

---

[2] The Magistrate Judge also notes that the use of restraints was closely monitored by staff, including medical personnel who treated and assessed Plaintiff's health on a regular basis during the time Plaintiff was in restraints. (Doc. 41, p. 4-22, 43).